UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: JAMIE ENNIS BINNS                              Case No. 05-32844-DOT
                                                      Chapter 13

## MEMORANDUM OPINION AND ORDER

Counsel for debtor has filed an application requesting $2,114.50 in supplemental legal fees beyond $1,500.00 in previously contracted fees and costs.  Debtor's counsel itemized additional time charges based upon the following services:

> Work done in modifying Chapter 13 Plan and working with creditor's attorney in reference to motion for relief from stay, filing of modified plan, and working with mortgage lender to cancel the scheduled foreclosure.

The court finds the supplemental fee request excessive.[1]

When counsel seeks an award of additional fees, the court expects counsel to demonstrate that the total fee requested is reasonable in light of all surrounding circumstances.  See In re Harris, No. 96-36765-T, 1998 WL 408896, at *2 (Bankr. E.D. Va. Apr. 14, 1998); 11 U.S.C. § 330(a)(3) and (a)(4)(B); see also http://www.vaeb.uscourts.gov/home/rihome.html (follow "Ch. 13 Supplemental Fee Application Guidelines" hyperlink).   Further, even absent objections, "the court has a duty to review professional compensation awards for reasonableness." In re Harris, 1998 WL 408896, at *1.   In the final analysis of a supplemental fee application, the "total fee still must pass muster under the standards for determination of reasonable compensation." Id. at *2.  The court's reasonableness evaluation takes into consideration twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the question raised; (3) the skill required to properly perform the legal

---

[1] The court notes counsel's hourly rate of $295.00 but makes no finding regarding its reasonableness.

>services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

Id. at *3 n.1.

The basic allowable chapter 13 fee in this case, as provided by Local Rule 2016-1(C)(5), is $1,500.00. Ordinarily, the basic fee charged for debtor representation in a chapter 13 bankruptcy should cover services such as "interviews with the client, contacting creditors ... and verifying other information for the statements and schedules, preparation of [the] petition, schedules and a confirmable plan, attendance at the § 341 meeting of creditors, and ... attendance to other more routine matters encountered in the case." Id. at *1. Thus, the basic fee charged for legal services should encompass all reasonably predictable services by the attorney and may include plan modification and amendments of schedules.

Moreover, all attorney services from the initial contact between attorney and debtor must be supported by accurate, contemporaneous time records. Here, counsel has included his time records with the application, and the court accepts these as reflecting the services performed.

Additional, non-routine legal services may warrant an award of supplemental compensation if reasonable in the context of the case. For example, additional services usually relate to a client's ongoing financial problems, and most frequently involve objections to confirmation of debtor's plan and creditors' motions for relief from stay.

In this case, counsel claims additional payment for services in preparing a modified plan and defending a motion for relief from stay. The court ordinarily treats legal services related to a

motion for relief from stay as non-routine. Plan modification may also qualify as non-routine depending on the circumstances. For example, plan modification may be routine if required by circumstances that could have been reasonably anticipated by the attorney.

The purpose of the narrative statement required by this court's policy for supplemental fee requests is to give counsel an opportunity to demonstrate that the fees qualify for an additional fee. Here, counsel's statement falls far short of justifying the amount sought. In the court's experience, attorneys typically charge $500.00-600.00 for relief from stay and even less for plan modification. Accordingly, the court will reduce the requested fee to $1,000.00.

**IT IS ORDERED** that counsel for debtor is awarded supplemental fees in the total amount of $1,000.00.

Signed:_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE, JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**

Richard J. Oulton
8515 Mayland Drive
Richmond, VA 23294
*Counsel for Debtor*

Jamie Ennis Binns
3226 Grandview Drive
Dunnsville, VA 22454
*Debtor*

Robert E. Hyman, Esquire
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*